IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| JEANA PARKO, DELBERT R. COBINE, JANICE A. COBINE, RODGER JENNINGS, individually and on behalf of all others similarly situated;<br><br>　　　Plaintiffs,<br><br>v.<br><br>SHELL OIL COMPANY, EQUILON ENTERPRISES, LLC d/b/a SHELL OIL PRODUCTS US, CONOCOPHILLIPS COMPANY, WRB REFINING LP, CONOCOPHILLIPS WRB PARTNER LLC and CENOVUS GPCO LLC,<br><br>　　　Defendants. | Cause No.　 12-cv-00336-JPG-PMF<br><br>Madison Co. No. 12-L-483 |

## NOTICE OF REMOVAL

COMES NOW, Defendant, ConocoPhillips Company ("COP"), by and through counsel, and files this Notice of Removal to this Court of an action pending against the Defendants in State Court (the "Action") pursuant to 28 U.S.C. §§ 1332, 1441, 1453 and 1446 based on the following grounds:

### Introduction

1.　　The Plaintiffs commenced the Action against the Defendants on April 16, 2012. The Action bears the same title as above and is docketed in the Circuit Court for the Third Judicial Circuit, Madison County, Illinois as Case Number 2012-L-483. True and correct copies of all process, pleadings, and orders served upon the Defendants are being filed with this notice, as required by 28 U.S.C. § 1446(a), and are attached as **Exhibit A**.

2.　　This is a class action lawsuit wherein Plaintiffs seek compensation and damages for environmental pollution allegedly caused by Defendants' operation of a Refinery in Roxana, Illinois from 1918 and continuing to the present. Specifically, Plaintiffs claim that Defendants

released benzene, volatile organic compounds, and other hydrocarbons into the water, land, and air over the last 90+ years. *See* Complaint ¶3 included within **Exhibit A**. Plaintiffs seek to hold Defendants liable, jointly and severally, for: (a) compensatory damages "in excess of $50,000," (b) costs incurred in bringing the lawsuit, (c) disgorgement of profits which Defendants have earned through their operation of the Refinery, (d) damage to the value of the affected property (e) damage to the use and enjoyment of the affected property, (f) attorney's fees, (g) medical monitoring and (h) other relief the Court deems appropriate. *See* Complaint included within **Exhibit A**.

## This Notice of Removal is Timely

3. As of the filing of this removal, no parties have been served.

4. This Notice of Removal is timely filed pursuant to 28 U.S.C. § 1446(b).

## Complete Diversity of Citizenship Exists Between Plaintiffs and Defendants, and the Requirements Under 28 U.S.C. § 1332(a) for Removal are Satisfied

### I.     There is Complete Diversity Among the Parties

5. The Court has original diversity jurisdiction over the Action pursuant to 28 U.S.C. § 1332(a), and the Action may be removed to this Court pursuant to 28 U.S.C. § 1441(a).

6. In class actions, only the citizenship of the named plaintiff counts for purposes of determining whether diversity jurisdiction exists. *Hart v. FedEx Ground Package System, Inc.*, 457 F.3d 675, 676 (7th Cir. 2006), citing *Snyder v. Harris*, 394 U.S. 332, 340 (1969).

7. Plaintiffs have failed to plead their states of citizenship. The Seventh Circuit holds that "State citizenship for the purpose of the state diversity provision is equated with domicile… To establish a domicile of choice a person generally must be physically present at the location and intend to make that place his home for the time at least." *Sadat v. Mertes*, 615 F.2d 1176, 1180 (7th Cir. 1980). Although no single factor is determinative of domicile, courts look

to various factors including: current residence, voting registration, driver's license and automobile registration, location of personal property, place of employment or business, membership in clubs or other associations, family ties and payment of taxes. *Gravdahl v. Conwell*, 2002 WL 398599 at *1 (N.D. Ill. 2002).

    8.    Based on information contained within the Complaint, the named Plaintiffs are citizens of Illinois.

    9.    Parko has owned property in and lived in Roxana, Illinois since 1999, and Delbert and Janice Cobine have owned property and lived in Roxana, Illinois since 1973. *See* Plaintiffs' Complaint, contained within Ex. A, ¶¶11-12. According to Parko's Facebook page, she attended East Alton - Wood River High School and graduated from the school in 1988. *See http://www.facebook.com/#!/profile.php?id=100000788765163*. Although residence is not the same thing as the domicile that is required for establishing diversity of citizenship, these three Plaintiffs' longstanding residence in Illinois indicates that these Plaintiffs are not only present in Illinois currently, but also intend to remain.

    10.    Although the complaint does not allege Plaintiff Rodger Jennings' residence or the period he has been living in Illinois, other facts establish that he is also a citizen of Illinois. He is the President of Jennings Properties, a property management business that is based in Alton, Illinois. *See* http://www.lighthouselounge.net/about%20uS.htm. Jennings Properties rents the house described in the Complaint ¶13 located at 124 E. 7th St., Roxana, Illinois. *See* http://www.lighthouselounge.net/Single%20Family%20Homes.htm. Tax bills for the property located at 124 E. 7th St. are sent from the Madison County Assessor's office to Jennings Properties at 921 Washington Ave., Alton, Illinois 62002. Rodger Jennings is also registered to vote in Madison County, using 921 Washington Ave., Alton, Illinois as his registration address, and he has been an active voter since at least 2009. *See* **Exhibit B**. Rodger Jennings's LinkedIn

profile states that he won the Hometown Hero of Alton, Illinois award in 2004. *See* http://www.linkedin.com/in/rodgerjennings. Rodger Jennings also ran for Congress in Illinois's 12th Congressional District, which includes part of Alton, in 2010 as a Green Party Candidate. *See* http://ballotpedia.org/wiki/index.php/Illinois'_12th_congressional_district_elections,_2012. The fact that Jennings not only has been a longtime resident of Illinois but also has been involved in civic activities such as running for office in Illinois, voting in Illinois, and receiving citizenship awards and the fact that he owns a property management business based in Illinois shows evidence of Jennings's Illinois citizenship. All named Plaintiffs should therefore be considered citizens of Illinois for purposes of diversity of citizenship.

11. Defendant Shell Oil Company is now, and was at the commencement of the Action, a Delaware corporation with its principal place of business in the State of Texas. *See* Complaint at ¶ 14 included within **Exhibit A**. Under 28 U.S.C. §1332(c)(1), "a corporation shall be deemed to be a citizen of every State and foreign state by which it has been incorporated and of the State or foreign state where it has its principal place of business."

12. Defendant Equilon Enterprises is now, and was at the commencement of the Action, a limited liability company organized under the laws of the State of Delaware with its principal place of business in the State of Texas. *See* Complaint at ¶ 15 included within **Exhibit A**. The members of Equilon Enterprises LLC are TMR Company and SOPC Holdings West LLC. TMR Company is a corporation existing under the laws of the State of Delaware with its principal place of business in Houston, Texas. SOPC Holdings West LLC is a limited liability company organized under the laws of the State of Delaware with its principal place of business in Houston, Texas. The members of SOPC Holdings West LLC are Shell Oil Company and Shell Oil Products Company LLC. Shell Oil Company, as noted above, is a corporation organized under the laws of the State of Delaware with its principal place of business in Houston

Texas. Shell Oil Products LLC is a limited liability company organized under the laws of the State of Delaware with its principal place of business in Houston, Texas. The only member of Shell Oil Products LLC is Shell Oil Company which, as noted, is a Delaware Corporation with its principal place of business in Houston, Texas.

13. Defendant ConocoPhillips is now, and was at the commencement of the Action, a Delaware corporation with its principal place of business in State of Texas. *See* Complaint at ¶16 included within **Exhibit A**.

14. Defendant WRB Refining LP is now, and was at the commencement of the Action, a limited partnership organized under the laws of the State of Delaware with its principal place of business in the State of Texas. The limited partnership is made up of four entities: Cenovus GPco LLC (.1%), Cenovus Refinery Investments LLC (49.9%), ConocoPhillips Company (49.9%), and ConocoPhillips WRB Partner LLC (.1%). Cenovus GPco LLC is a limited liability company organized under the laws of the State of Delaware with its principal place of business in Delaware. The sole member of Cenovus GPco LLC is Cenovus US Refinery Holdings which is organized under the laws of the State of Delaware and has a principal place of business in Canada. Cenovus Refinery Investments LLC is a limited liability company organized under the laws of the State of Delaware with its principal place of business in Delaware. The sole member of Cenovus Refinery Investments, LLC is Cenovus US Refinery Holdings which, as noted, is organized under the laws of the State of Delaware with its principal place of business in Canada. ConocoPhillips Company, as noted, is a corporation organized under the laws of the State of Delaware with its principal place of business in Texas. ConocoPhillips WRB Partner LLC is a limited liability company organized under the laws of the State of Delaware with its principal place of business in Texas. The sole member of ConocoPhillips WRB Partner LLC is ConocoPhillips Company.

15. Defendant ConocoPhillips WRB Partner LLC is now, and was at the commencement of this Action, a limited liability company organized under the laws of the State of Delaware with its principal place of business in Texas. The sole member of ConocoPhillips WRB Partner LLC is ConocoPhillips Company which, as noted, is a corporation existing under the laws of the State of Delaware with its principal place of business in Texas.

16. Defendant Cenovus GPco LLC is now, and was at the commencement of this Action, a limited liability company organized under the laws of the State of Delaware with its principal place of business in Delaware. The sole member of Cenovus GPco LLC is Cenovus US Refinery Holdings. Cenovus US Refinery Holdings is organized under the laws of the State of Delaware and has its principal place of business in Canada. Cenovus US Refinery Holdings is a partnership and its partners are Cenovus Energy Inc. and Cenovus Refinery Asset Management ULC. Both of these entities are Canadian corporations with their principal place of business in Canada.

## II. All Non-Removing Defendants Consent to this Removal

17. Defendants WRB Refining LP, ConocoPhillips WRB Partner LLC, Cenovus GPCO LLC Shell Oil Company and Equilon Enterprises, LLC d/b/a Shell Oil Products US consent to Defendants' Removal of this lawsuit from the Circuit Court of Madison County, Illinois to the United States District Court for the Southern District of Illinois. *See* Consents to Removal attached as **Exhibit C**.

## III. The Amount in Controversy Exceeds $75,000

18. Based on the nature of the Plaintiffs' claims, and the damages that Plaintiffs claim they are entitled to, including but not limited to compensatory damages for alleged 93 years of environmental pollution, clean-up costs, disgorgement of profits, and attorney's fees, the matter in controversy arguably exceeds $75,000 for each Plaintiff. *See* Complaint included within

**Exhibit A.**, ¶¶ 3, 134, 144, 173, 183.  *See Oshana v. Coca-Cola Co.*, 472 F.3d 506, 512 (7th Cir. 2006) (finding that the matter in controversy exceeded $75,000, though not on the face of the complaint, where plaintiff sought disgorgement of profits, attorneys fees, punitive damages, and compensatory damages).

## In the Alternative, Diversity Jurisdiction Exists Under the Class Action Fairness Act

19.     Alternatively, the Court has original diversity jurisdiction over the Action pursuant to 28 U.S.C. § 1332(d), and the Action may be removed to this Court pursuant to 28 U.S.C. § 1453.

### I. There are at least 100 putative class members

20.     The Petition defines two putative classes.  The "Owner-Occupant Class" contains:

> All persons who own and reside in real property within the portion of the Village of Roxana, Illinois, that has been contaminated with benzene or other hydrocarbons released, discharged, or spilled from the Refinery.

*See* Plaintiffs' Complaint, contained within Ex. A, ¶ 119. The "Non-Resident Property Owner Class" contains:

> All persons who own real property within the portion of the Village of Roxana, Illinois that has been contaminated with benzene or other hydrocarbons released, discharged, or spilled from the Refinery and do not reside on that property.

*See* Plaintiffs' Complaint, contained within Ex. A, ¶ 120.  The Petition excludes from the putative classes, "Defendants and any of their officers or directors and immediate families, the Court and its immediate family, the Village of Roxana itself, and any other individuals who have brought individual lawsuits arising from the same allegations against the Defendants." *See* Plaintiffs' Complaint, contained within Ex. A, ¶ 121.

21.     The Petition alleges that there are "hundreds" of individuals in the putative class

and that Roxana has about 1500 residents.  *See* Plaintiffs' Complaint, contained within Ex. A, ¶¶2, 123.  Thus, the number of putative class members satisfies CAFA's requirement of 100 or more class members. *See* 28 U.S.C. § 1332(d)(5)(B).

### II.     The Parties are Minimally Diverse

22.     Minimal diversity exists if "any member of a class of plaintiffs is a citizen of a State different from any defendant." 28 U.S.C. § 1332(d)(2)(A).

23.     As is explained, *supra*, in Paragraphs 11-16, no Defendant is a citizen of Illinois for purposes of diversity jurisdiction.

24.     As is explained, *supra*, in Paragraph 9, Plaintiffs are citizens of Illinois.

25.     Because at least one Defendant is a citizen of a state different from any one Plaintiff, the minimal diversity requirement of 28 U.S.C. § 1332(d)(2) is satisfied.

### III.    More than $5 Million is in Controversy

26.     CAFA changed the amount-in-controversy requirement for class actions by, *inter alia*, requiring aggregation of the value of all putative class members' claims when determining the amount in controversy. 28 U.S.C. § 1332(d)(6).

27.     Courts in the Seventh Circuit hold, "Once the proponent of federal jurisdiction has explained plausibly how the stakes exceed $5 million, then the case belongs in federal court unless it is legally impossible for the plaintiff to recover that much." *Spivey v. Vertrue, Inc.*, 528 982, 986 (7th Cir. 2008) (internal citations omitted).

28.     Based on the nature of the hundreds of Plaintiffs' claims, and the damages that Plaintiffs claim they are entitled to, including but not limited to compensatory damages for alleged 93 years of environmental pollution, damage to the value of the affected property, damage to the use and enjoyment of the affected property, disgorgement of profits, medical monitoring, and attorney's fees, the matter in controversy arguably exceeds $5 million.  *See*

Complaint included within **Exhibit A**.  ¶¶ 3, 134, 144, 173, 183.

### Conclusion

29. Because (a) the Action is between citizens of different states; (b) Defendants are not citizens of the State of Illinois; and (c) the matter in controversy arguably exceeds the sum or value of $75,000, exclusive of interest and costs, the Action may be removed to this Court.

30. Alternatively, this Court has original jurisdiction under 28 U.S.C. §1332(d)(2)(A), as amended by CAFA, because this is a purported class action in which the amount in controversy exceeds $5,000,000, minimal diversity exists, and the putative class numbers more than 100 persons.

31. Defendants will promptly provide notice of the removal of this action to Plaintiff and to the Circuit Court of Madison County, Illinois, by filing a "Removal Notice to State Court," together with a copy of this "Notice of Removal," in the Circuit Court of Madison County, Illinois, and by serving copies of the same on Plaintiff pursuant to 28 U.S.C. § 1446(d).

WHEREFORE, the Defendants, pursuant to these statutes and in conformance with the requirements set forth in 28 U.S.C. § 1446 and § 1453, remove the case styled *Jeana Parko, Delbert R. Cobine, Janice A. Cobine, and Rodger Jennings, individually and on behalf of all others similarly situated v. Shell Oil Company, Equilon Enterprises, LLC d/b/a Shell Oil Products, US, a Corporation, ConocoPhillips Company, WRB Refining LP, ConocoPhillips WRB Partner LLC, and Cenovus GPCO LLC,* from the Circuit Court for the Third Judicial Circuit, Madison County, Illinois.

HEPLER**BROOM** LLC

By: ___/s/ Larry E. Hepler_____

>Larry E. Hepler, #01195603
>leh@heplerbroom.com
>Beth A. Bauer, #6274533
>bab@heplerbroom.com
>130 North Main Street
>Post Office Box 510
>Edwardsville, IL 62025-0510
>Phone:  618/656-0184

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that on this 27th day of April, 2012, copies of the foregoing were served upon counsel of record by operation of the CM/ECF system of the United States District Court.

>__/s/ Larry E. Hepler_____