IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| **JEANA PARKO, on behalf of herself and all others similarly situated,** ) ) ) **Plaintiffs,** ) ) ) **vs.** ) ) ) **SHELL OIL COMPANY,** *et al.,,* ) ) ) **Defendants.** ) | Case No. 3:12-CV-00336-NJR-PMF |

# PRELIMINARY APPROVAL ORDER

**ROSENSTENGEL, District Judge:**

This matter is before the Court on Plaintiff's Unopposed Motion for Preliminary Approval of Class Settlement. (Doc. 223). After reviewing and considering the motion, all supporting documents, the Master Shell Settlement Agreement ("Shell Agreement"), the Master ConocoPhillips Settlement Agreement ("ConocoPhillips Agreement"), and the Class Settlement Administration Agreement ("Administration Agreement") ("Agreements"), and the arguments of counsel at the preliminary approval hearing held July 20, 2017, the Court **ORDERS** as follows:

1. All terms in this Order not defined herein shall have the meanings set forth in the Agreements.

2. The Agreements, and all of their terms and conditions that pertain to the Class Action, including the Administration Agreement and the Settlement Allocation Plan, are preliminarily approved as fair, just, reasonable, and adequate, subject to further consideration at a final approval hearing (the "Final Approval Hearing").

3. For purposes of settlement only, the Court conditionally accepts the definition of the Settlement Class Area to mean

> those privately-owned real property parcels located in the portion of Roxana, Illinois referred to by the IEPA as the "Study Area," which is defined, for purposes of the Agreements, to be the area enclosed by commencing at the southwest corner of South Central Avenue and Rand Avenue (the "Beginning Point"), extending north along the east side of South Central Avenue to the south side of the alley between First Street and East Tydeman Avenue, then extending east along the south side of the alley to South Chaffer Avenue, then extending south to a point due east of the Beginning Point, then extending west to the Beginning Point.

4. For purposes of settlement only, and pursuant to Federal Rule of Civil Procedure 23(b)(3), the Court conditionally certifies a Settlement Class consisting of:

> all persons who own or owned or occupy or occupied real property in the Village of Roxana, Illinois, within the Settlement Class Area, during the Settlement Time Period, regardless of whether or not they file a Claim Form in accordance with the procedures set forth in the Agreements, the Claim Form and the Class Notice, who do not timely and effectively opt out following the procedures set forth in the Agreements. The Shell Released Parties, the ConocoPhillips Released Parties, the Village of Roxana, Plaintiffs' Counsel, and the Court are specifically excluded from the Settlement Class.

5. The Court finds, for settlement purposes only, that class certification under Federal Rule of Civil Procedure 23(b)(3) is appropriate in that, in the settlement context: (a) the Settlement Class is so numerous that joinder is impracticable; (b) there are questions of law and fact that are common to all members of the Settlement Class, which questions predominate over individual issues; (c) Plaintiff's claims are typical of the claims of the Settlement Class; (d) Plaintiff and her attorneys will fairly and adequately protect the interests of the Settlement Class; and (e) a class action is superior to other available methods for the fair and efficient adjudication of the controversy.

6. For purposes of this action only, the Court makes the following findings:

> Plaintiffs have proposed two classes in this action. The first proposed class would have included the properties in the Village of Roxana that lie within the Illinois EPA's Study Area, which is above or adjacent to a

benzene plume and/or a mixed phase hydrocarbon plume. (Doc. 49). The second proposed class was defined by the area subject to a Village of Roxana Ordinance prohibiting potable water wells. (Doc. 154). This class would have included the properties within the Illinois EPA's Study Area and most of the rest of the Village of Roxana. The parties have reached a settlement in this case that defines the class differently from the two earlier proposed classes.

While the parties' experts disagree on the exact size of the benzene plume and mixed phase hydrocarbon plume, they all agree the plumes are contained within the Illinois EPA's Study Area. For purposes of settlement only, the Court finds the Settlement Class adequately and fairly encompasses those properties situated above and adjacent to the groundwater contamination that is the subject of this action and that may have experienced a decrease in value as a result of the groundwater contamination. The Court further finds insufficient evidence has been produced to conclude that the properties outside the Illinois EPA's Study Area have been impacted by groundwater contamination or experienced a decrease in property value as a result of groundwater contamination, and therefore they are not included in the certified class.[1]

7.  The Court appoints Plaintiff Jeana Parko as Class Representative of the Settlement Class, and further appoints the law firm of Simmons Hanly Conroy as Class Counsel.

8.  The Court appoints Tiffaney Janowicz, of Rust Consulting, as Neutral Arbitrator to review and determine, if necessary, any challenges or disputes arising from claims made by Members of the Settlement Class as set forth in the Administration Agreement. The fees of the Neutral Arbitrator shall be paid from the Total Class Settlement Fund.

9.  The Final Approval Hearing shall be held before this Court on **December 18, 2017, at 9:30 a.m.**, at the United States District Court for the Southern District of Illinois, 750 Missouri Avenue, East St. Louis, IL 62201, to determine whether the

---

[1] The Court notes that any individuals or properties that would have been included in one of the prior proposed classes, but that are excluded from the class that has now been certified, are not bound by these findings of fact. *Smith v. Bayer*, 564 U.S. 299, 315 (2011) (holding that being a member of a proposed or rejected class cannot bind nonparties, only a class action approved under Rule 23 may do so).

proposed settlement of the Class Action on the terms and conditions provided for in the Agreements is fair, reasonable, and adequate to the Class and should be approved by the Court and to determine any amount of fees and expenses that should be awarded to Class Counsel. The Court may grant final approval of the Agreements at or after the Final Approval Hearing with any appropriate modifications agreed to by the parties and without further notice to the Members of the Settlement Class.

10. A motion in support of final approval of the settlement and Class Counsel's application for attorneys' fees and expenses shall be filed and served no later than **November 6, 2017,** and any responding papers shall be filed and served no later than **November 17, 2017**.

11. The Court approves the form and substance of the updated Class Notice, the Publication Notice, and the Claim Form provided by the parties on July 31, 2017 and attached to this order as Exhibits 1 and 2, except that the dates in all documents shall be updated by the parties in order to ensure compliance with this Order. Further, the Court approves the terms on which notice shall be provided included in, or annexed to, the Administration Agreement as Exhibits 2, 3, and 1, respectively.

12. The Court directs that, no later than **August 30, 2017**, the Class Notice and Claim Form as approved by the Court be sent by first-class mail to each record owner and current and/or former residents of property in the Settlement Class Area. Also, no later than **August 30, 2017**, the Publication Notice shall be published in the *Edwardsville Intelligencer*, the Alton *Telegraph*, and the *Belleville News Democrat* at least three times in a three-week period; and the Class Notice be posted at the Village of Roxana Village Hall and at the Roxana Public Library beginning on the date of the first publication appearance and ending on the date of the Final Approval Hearing. The Court further directs that, no later than **August 30, 2017**, (a) Class Counsel shall establish a toll-free telephone number providing information to Members of the Settlement Class of the details of the Class Settlement including details related to membership, claim recovery

and exclusion; and (b) Class Counsel shall establish a website providing copies of the Class Notice, Claims Form and Opt-Out Notice.

13. The Court finds the form, content and mailing of the Class Notice and Publication Notice and the terms on which notice shall be provided as set forth in ¶ 11 hereto, meet the requirements of Rule 23 of the Federal Rules of Civil Procedure, due process, and constitute the best notice practicable under the circumstances and shall constitute due and sufficient notice to all persons entitled thereto.

14. Pursuant to Rule 53(c) of the Federal Rules of Civil Procedure, the Court appoints Rust Consulting, Inc. ("Claims Administrator") to supervise and administer the notice as well as the processing of claims in accordance with the terms of the Administration Agreement.

15. Any person seeking to be excluded from the Settlement Class must submit a timely written and signed request for exclusion complying with the procedures specified in the Class Notice and Claim Form to the Claims Administrator at the addresses set forth in the Class Notice. The last day on which such notice may be submitted shall be **October 16, 2017**. Persons who opt out of the Settlement Class in accordance with the requirements specified in the Class Notice and Claim Form will not receive any monetary relief available under the Settlement and will not be bound by any orders or judgments entered in this case relating to such relief.

16. Any Request for Exclusion or Opt-Out Notice shall state the name, address, and telephone number of the person requesting exclusion, provide proof of eligibility for membership in the Settlement Class, and contain a clear statement communicating that such person elects to be excluded from the Settlement Class, does not wish to be a Member of the Settlement Class, and elects to be excluded from any judgment entered pursuant to the Shell Settlement Agreement and the ConocoPhillips Settlement Agreement. No person who submits a timely Request for Exclusion or

Opt-Out Notice may file an objection to the Settlement and all such persons shall be deemed to have waived any rights or benefits under the Agreements.

17. All Members of the Settlement Class who do not opt out by the Court-imposed deadline shall be bound by the terms of the Class Settlement and their Claims against the Shell Defendants and the ConocoPhillips Defendants will be released and extinguished.

18. Each Member of the Settlement Class who wishes to object to the terms of the Class Settlement, including, but not limited to, the Settlement Class Allocation Plan, and any fees or expenses sought by Class Counsel, shall file a written notice of objection no later than **October 16, 2017**. Such objections shall state the name, address and telephone number of the person and provide proof of membership in the Settlement Class, as well as a detailed statement of each objection asserted, including the grounds for objection and reasons for appearing and being heard, together with any documents such person wishes to be considered.

19. Any Member of the Settlement Class may, but need not, appear at the Final Approval Hearing, at the Member's own expense, individually or through counsel of the Member's choice. Each Member of the Settlement Class who intends to appear at the Final Approval Hearing must file a Notice of Appearance with the Court. Notice of any such appearance shall be served, on or prior to the date of its filing, on the Claims Administrator. The Claims Administrator shall serve any such Notice of Appearance on Class Counsel and the counsel for Defendants within seven (7) days of receipt. Any Member of the Settlement Class who does not enter an appearance will be represented by Class Counsel. Objectors who fail to properly or timely file their objections with the Clerk of the Court, along with the required information and documentation set forth above, or to serve them as provided above shall not be heard during the Final Approval Hearing, nor shall their objections be considered by the Court.

20. All proceedings in *Village of Roxana, Illinois v. Shell Oil Co., et al.*, No. 3:12-cv-00577-NJR-PMF (S.D. Ill.); *Village of Roxana, Illinois v. Shell Oil Co., et al.*, No. 3:12-cv-00334-NJR-PMF (S.D. Ill.); and *Parko, et al. v. Shell Oil Co., et al.*, No. 3:12-cv-00336-NJR-PMF (S.D. Ill.) are hereby stayed, other than such proceedings as may be necessary to carry out the terms and conditions of the Agreements.

21. Pending Final Approval, each Member of the Settlement Class who has not timely opted out of the Settlement Class in accordance with the Court's directions, is enjoined from maintaining, commencing, prosecuting or pursuing either directly, representatively or in any other capacity any Released Claim as defined in the Agreements in any court or other forum.

22. If the Agreements are terminated or are not consummated for any reason, the foregoing conditional certification of the Settlement Class, the appointment of the representative Plaintiff as representative of the Settlement Class, and appointment and designation of Class Counsel as counsel for the Settlement Class shall be void and of no effect, and the parties to the Agreements shall be returned to the status each occupied before entry of this Order without prejudice to any legal argument that any of the parties to the Agreements might have asserted before the Agreements.

23. No discovery with regard to the Settlement or the Agreements shall be permitted other than as may be directed by the Court upon the proper showing by the person seeking such discovery by motion properly noticed and served in accordance with this Court's local rules.

24. Neither the Settlement, nor the Agreements, nor any provision thereof, nor any negotiations, statements, or proceedings in connection therewith shall be construed as, or be deemed to be evidence of, an admission or concession on the part of the representative Plaintiff, Class Counsel, any Member of the Settlement Class, Defendants, or any other person. Further, neither the Settlement, Agreements, nor any communications shall be offered or received in evidence in any action or proceeding, or

be used in any way as an admission or concession of liability or wrongdoing of any nature, nor shall they be used as evidence or concession or admission that any person has or has not suffered any damage.

**IT IS SO ORDERED.**

**DATED:** August 2, 2017

_____
**NANCY J. ROSENSTENGEL**
**United States District Judge**