IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

JEANA PARKO, on behalf of herself and )
all others similarly situated, )
)
         Plaintiffs, )
)
vs. )  Case No. 12-CV-336-NJR-RJD
)
SHELL OIL COMPANY, EQUILON )
ENTERPRISES, LLC d/b/a SHELL OIL )
PRODUCTS US, CONOCOPHILLIPS )
COMPANY, WRB REFINING LP, )
CONOCOPHILLIPS WRB PARTNER )
LLC, and CENOVUS GPCO LLC, )
)
         Defendants. )

# FINAL APPROVAL ORDER AND JUDGMENT

**ROSENSTENGEL, District Judge:**

      This matter is before the Court on Plaintiffs' Motion for Final Approval of Class Settlement (Doc. 254), Class Counsel's Motion for Award of Attorneys' Fees and Expenses from the Common Fund (Doc. 258), and the *Ford* Plaintiffs' Counsel's Motion for Award of Expenses from the Common Fund (Doc. 268). After reviewing and considering the Motions and all supporting documents, Defendants' Joint Response to Plaintiffs' Motion for Final Approval to Class Settlement (Doc. 265), the Declarations of Jason M. Stinehart (Rust Consulting) (Docs. 267, 272), the Objections filed by certain Class Members (Docs. 234, 236, 237, 238, 239, 241, 247, 251-2, 251-3), the Opt Outs filed by certain Class Members (Docs. 231, 240, 242, 244, 245, 251-1), argument of counsel, and the testimony of two Objectors at the Final Approval Hearing held on December 18, 2017,

and being satisfied that the Settlement Class fulfills all requirements for the certification of a settlement class, and that the Agreements meet all applicable criteria for final approval, the Court finds and **ORDERS** as follows:

All terms not defined within this Order shall have the meanings set forth in the Master Shell Settlement Agreement ("Shell Agreement"), the Master ConocoPhillips Settlement Agreement ("ConocoPhillips Agreement"), and the Class Settlement Administration Agreement ("Administration Agreement") (collectively "Agreements"), which previously received preliminary approval from this Court by Order dated August 2, 2017 (the "Preliminary Approval Order") (Doc. 230).

*Settlement Class.* The Court has considered the Parties' submissions with regard to the certification of a Settlement Class and has analyzed the proposed Settlement Class pursuant to Rules 23(a) and 23(b)(3) of the Federal Rules of Civil Procedure, and has held two hearings concerning the same. Based on its evaluation of the submissions presented by the Parties and the matters presented at the hearings, the Court makes the following findings:

> a. *Numerosity.* The Settlement Class Area consists of 183 parcels of property, and the Settlement Class members are all persons who have owned and/or occupied those properties from 1986 to 2017. As of December 1, 2017, the Claims Administrator had received nearly 500 claims from Members of the Settlement Class. The Settlement Class, therefore, consists of hundreds of individuals and satisfies the numerosity requirement of Rule 23(a) as joinder of such a large group would be impractical. *Gomez v. Illinois State*

*Bd. Of Ed.*, 117 F.R.D. 394, 399 (N.D. Ill. 1987); *Chavez v. Don Stoltzner Mason Contractor, Inc.*, 272 F.R.D. 450, 454 (N.D. Ill. 2011).

b. *Commonality*. There are issues of law and fact that are common to all members of the Settlement Class, which predominate over individual issues for settlement purposes. *See Wal-Mart Stores, Inc. v. Dukes*, 564 U.S. 338, 349-50 (2011) ("[c]ommonality requires the plaintiff to demonstrate that the class members have suffered the same injury"). The common questions here include: whether benzene was released from the Wood River Refinery and reached the soil and groundwater of properties in the Settlement Class Area; whether the Class Members' properties have suffered a diminution in property value as a result of the alleged contamination; and whether the Class Members have suffered a loss of use and enjoyment of their properties.

c. *Typicality*. The claims of the proposed Settlement Class also satisfy the element of typicality. Rule 23(a) does not require that the claims be identical, just that they arise out of the same legal or remedial theory. Class Representative Jeana Parko owns property within the Settlement Class Area and her claims arise from the same events and are based on the same legal theories. Her claims are therefore typical of the claims of the Class Members. *See Rosario v. Livaditis*, 963 F.2d 1013, 1018 (7th Cir. 1992).

d. *Adequate Representation*. The Class Representative's claims are typical of the claims of the Settlement Class. There is no evidence that the Class

Representative's interests conflict in any way with the other members of the Settlement Class. *See Westefer v. Snyder,* Civil Nos. 00-162-GPM, 00-708-GPM, 2006 WL 2639972 (S.D. Ill. Sept. 12, 2006). The interests of the Class Representative and the Settlement Class Members are aligned, as they are all seeking to recover damages for alleged contamination from the Wood River Refinery. Further, Class Counsel are qualified and experienced in class action litigation, and have demonstrated capability in representing the Class Representative and the Settlement Class.

e. *Superiority*. Given that this is a settlement class, questions of superiority regarding a class trial are no longer germane. *Amchem Prods., Inc. v. Windsor,* 521 U.S. 591, 620 (1997) ("Confronted with a request for a settlement-only class certification, a district court need not inquire whether the case, if tried, would present intractable management problems … for the proposal is that there be no trial."). In this action, a class action settlement is superior to other available methods for the fair and efficient adjudication of the controversy. It would be inefficient for each Class Member to separately prove his or her claims against Defendants in this complex environmental contamination case. *See Leib v. Rex Energy Operating Corp.*, No. 06-cv-802-JPG-CJP, 2008 WL 5377792, at *11 (S.D. Ill. Dec. 19, 2008) ("Each individual's property damage … claim [] [is] not likely to warrant the time and expense of hiring the necessary expert witnesses for an individual case and pursuing it to judgment"). Moreover,

because Class Members are receiving compensation in the face of a central legal defense that could very well bar the claims of Class Members, resolving this case on a class basis is clearly the superior means of addressing these claims.

Based on the foregoing, this Court **FINDS** that the requirements of Federal Rule of Civil Procedure 23(a) and 23(b)(3) have been satisfied. Accordingly, it is hereby **ORDERED** that this action is certified as a class action for settlement purposes only on behalf of the following class of claimants:

> All persons who own or owned or occupy or occupied real property in the Village of Roxana, Illinois, within the Settlement Class Area, during the Settlement Time Period, regardless of whether or not they file a Claim Form in accordance with the procedures set forth in the Agreements, the Claim Form and the Class Notice, who do not timely and effectively opt out following the procedures set forth in the Agreements. The Shell Released Parties, the ConocoPhillips Released Parties, the Village of Roxana, Plaintiffs' Counsel, and the Court are specifically excluded from the Settlement Class.

Moreover, the Settlement Class Area is defined as follows:

> Those privately-owned real property parcels located in the portion of Roxana, Illinois referred to by the IEPA as the "Study Area," which is defined, for purposes of the Agreements, to be the area enclosed by commencing at the southwest corner of South Central Avenue and Rand Avenue (the "Beginning Point"), extending north along the east side of South Central Avenue to the south side of the alley between First Street and East Tydeman Avenue, then extending east along the south side of the alley to South Chaffer Avenue, then extending south to a point due east of the Beginning Point, then extending west to the Beginning Point.

The following causes of action and requests for damages are specifically included in this Settlement Class: negligence, trespass, nuisance, unjust enrichment, medical monitoring, diminution in property value, loss of use and enjoyment, remediation or clean-up costs, and any other related damages. Further, certification of this Settlement

Class is expressly conditioned on the terms of the settlement reached by the Parties as set forth fully in the Agreements.

For purposes of this action only, the Court makes the following findings:

a. Plaintiffs have proposed two classes in this action. The first proposed class would have included the properties in the Village of Roxana that lie within the Illinois EPA's Study Area, which is above or adjacent to a benzene plume and/or a mixed phase hydrocarbon plume (Doc. 49). The second proposed class was defined by the area subject to a Village of Roxana Ordinance prohibiting potable water wells (Doc. 154). This class would have included the properties within the Illinois EPA's Study Area and most of the rest of the Village of Roxana. The parties have reached a settlement in this case that defines the class differently from the two earlier proposed classes.

b. While the parties' experts disagree on the exact size of the benzene plume and mixed phase hydrocarbon plume, they all agree the plumes are contained within the Illinois EPA's Study Area. For purposes of settlement only, the Court finds the Settlement Class adequately and fairly encompasses those properties situated above and adjacent to the groundwater contamination that is the subject of this action and that may have experienced a decrease in value as a result of the groundwater contamination. The Court further finds that insufficient evidence has been produced to conclude that the properties outside the Illinois EPA's Study

Area have been impacted by groundwater contamination or experienced a decrease in property value as a result of groundwater contamination, and therefore they are not included in the certified class.[1]

*Settlement Class Representative.* For purposes of the Class Settlement, the Court finalizes its designation of Jeana Parko as the Settlement Class Representative and finds that she is an adequate class representative.

*Settlement Class Counsel.* The Court hereby finalizes its designation and approval of the law firm of Simmons Hanly Conroy to represent the Members of the Settlement Class as Class Counsel, and finds that they have fairly and adequately represented the interests of the Settlement Class.

*Final Approval of Settlements*. The Agreements the Parties have entered into establish the calculation of settlement payments to be made to Members of the Settlement Class, allows Members of the Settlement Class to opt out, and is subject to Defendants' right to withdraw from the settlement if there are, in Defendants' sole discretion, an unacceptable number of opt-outs. In accordance with the terms of the Agreements, the Shell Defendants will contribute up to a maximum of $4,480,000.00 to the Total Class Settlement Fund and the ConocoPhillips Defendants will contribute $350,000.00 to the Total Class Settlement Fund. The Total Class Settlement Fund will be used to: (a) make settlement payments to Qualifying Claimants (*i.e.*, Members of the Settlement Class who have submitted a valid claim form and supporting documentation

---

[1] The Court notes that any individuals or properties that would have been included in one of the prior proposed classes, but that are excluded from the class that has now been certified, are not bound by these findings of fact. *Smith v. Bayer*, 564 U.S. 299, 315 (2011) (holding that being a member of a proposed or rejected class cannot bind nonparties, only a class action approved under Rule 23 may do so).

to the Claims Administrator); (b) pay Class Counsel attorneys' fees of twenty-five percent (25%) of the Total Class Settlement Fund; (c) pay the expenses of Class Counsel approved by the Court; (d) pay the expenses of the *Ford* Plaintiffs' Counsel approved by the Court; (e) pay the fees of the Court-appointed Neutral Arbitrator, if any; and (f) pay other necessary expenses, if any, as approved by the Court.

Settlement payments to Qualifying Claimants are being allocated and calculated based on a number of factors as set forth in the Agreements, such as: the period and length of occupancy on the property; the period and length of ownership of the property; the type of property (residential, commercial, other); if residential, the assessed value of the property; whether the property is located within the 1Q2012 Groundwater Contour as defined in the Agreements; and whether the ownership or occupancy of the Member of the Settlement Class ended before March 2007.

The Court finds that the Agreements are the result of extensive arm's length negotiations between counsel for the Parties. Class Counsel and counsel for the Defendants are experienced in complex litigation, including class action litigation.

The Court has considered the current posture of this litigation and the risks and benefits to the Parties involved in both settlement of these claims and continuation of the litigation. In particular, the Court notes the potential substantial defenses that could, if proven, defeat any recovery by the claimants in this litigation.

Accordingly, the Court hereby **GRANTS** final approval of the Class Settlement, as set forth in the Agreements.

*Notice to the Settlement Class.* In the Preliminary Approval Order, the Court approved the form and substance of the updated Class Notice, the Publication Notice, and the Claim Form, and approved the terms on which notice to the Class Members was to be provided. Based on the evidence presented at the Final Fairness Hearing and otherwise to this Court, the Court finds that notice has been given to the Settlement Class in full accordance with the Preliminary Approval Order. Further, the notice plan adopted pursuant to the Agreements was the best notice practicable, satisfied due process requirements, and provided Members of the Settlement Class with fair and adequate notice of the Final Fairness Hearing and adequate information concerning the hearing, the Agreements, the right to be excluded from the Settlement Class, the right to object to the Settlement, and the right of Class Counsel to apply for an award of attorneys' fees and expenses. The notice provided contact information for the Claims Administrator and Class Counsel in case any class member needed further information. The Claims Administrator and Class Counsel in fact provided further information to all Members of the Settlement Class who sought such information. The Claims Administrator, Rust Consulting, timely mailed the Class Notice in accordance with this Court's Preliminary Approval Order. The Publication Notice appeared in the required three media outlets, the *Edwardsville Intelligencer*, the *Alton Telegraph*, and the *Belleville News-Democrat*, three times in a three week period as required in the Preliminary Approval Order. Finally, the Claims Administrator established a toll-free telephone number to provide information to Members of the Settlement Class of the details of the

Class Settlement including details related to membership, claim recovery and exclusion, and a website providing copies of the Class Notice, Claims Form and Opt-Out Notice.

*Claims Administration Process.* The claims administration process began with the mailing and publication of the Class Notice on August 30, 2017. The Court finds that the Claims Administrator adequately performed its duties during the claims administration process, that the Parties cooperated in the claims administration process, and that the process was performed fairly and in accordance with the terms of the Agreements and the Preliminary Approval Order.

*Claims Received.* The Court further finds that, as of December 1, 2017, the Claims Administrator received a total of 1,197 claim forms. Of those, the Claims Administrator found that 696 were filed by non-class members because they were submitted online from addresses outside of the Roxana, Illinois area (states like New York and California), and no supporting documentation was provided. *See* Affidavit of Jason Stinehart of Rust Consulting (Doc. 272) at ¶ 22(a). Further, none of these purported claimants responded to the deficiency letters sent by the Claims Administrator. Of the claims that were deemed to have been filed by class members, as of December 1, 2017, the Claims Administrator had processed 301 as valid, 14 remained pending, and 184 as invalid for several reasons. The Claims Administrator and the Parties continue working with the Class Members to finalize the claims administration process.

*Invalid Claims.* As of December 1, 2017, the Claims Administrator found that invalid claims fell into the following categories: (a) Non-class members (696): web-submitted claims from addresses outside of Roxana, Illinois, without supporting

documentation who did not respond to deficiency letters; (b) Duplicates (66): multiple submissions by a single class member; (c) Incomplete response to cure (29): insufficient or missing information or documentation; (d) No response to cure (52): no response to deficiency letters; (e) Property not in the Settlement Class Area (36): the property being claimed is outside the boundaries of the Court-approved Settlement Class Area; and (f) Dates outside the Settlement Class period (1): the dates claimed fall outside the Court-approved Settlement Class Period. Pursuant to the Agreements, the Claims Administrator has sent or will send denial letters to the class members (categories (b)-(f)). The class members who submitted invalid claims shall have the opportunity to appeal the denial within 15 days of the denial letter. The appeal will be considered in accordance with the terms set forth in the Administration Agreement.

*Opt Outs.* The Court finds that Members of the Settlement Class were given notice and opportunity to opt out and not participate in the settlement. The Court received opt-out forms from only six individuals: Cassandra Ford, Rosemary Rhea, Terri Williams, Tyler Ford, Trisha Ford, and Roland Ford (Docs. 231, 240, 242, 244, 245, 251-1). Of these, four (Terri Williams, Tyler Ford, Trisha Ford, and Roland Ford) did not identify properties located within the Settlement Class Area; these four individuals are therefore not Members of the Settlement Class. In addition, Tyler Ford's opt out was filed after the October 16, 2017 deadline set in the Preliminary Approval Order. The purported opt-outs of Terri Williams, Tyler Ford, Trisha Ford, and Roland Ford are therefore invalid. Accordingly, the Court finds that only two Members of the Settlement Class effectively opted out of the Settlement Class: Cassandra Ford and Rosemary Rhea.

The Court finds that this low number of opt-outs is further evidence that the Settlement is fair, reasonable, and adequate.

*Objectors*. The Court received objections filed by fourteen individuals: Patricia Bourbon, Robert Bourbon, Alberta Burden, Virginia Clark, Patricia Ford, Amy Freidel, Connie Kravanek, Marty Neibel, Tammy Neibel, Michael Schultz, Trixie Willeford, Walter Willeford, and Cynthia and Loftin Woodiel (Docs. 234, 236, 237, 238, 239, 241, 247, 251-2, 251-3). Two of the objectors, Patricia Ford and Virginia Clark, testified during the Final Approval Hearing. The objectors mainly argued that: (a) the settlement amount is too low, (b) the release is overly broad and releases personal injury claims, and (c) the additional requirements imposed on the class members (*i.e.*, disclosures, building requirements) were too onerous and unfair. Class Counsel and counsel for the Shell Defendants responded to the testimony of the Objectors and cross-examined them during the Hearing. The Court considered the objections filed and presented during the Hearing, as well as the responses of Class Counsel and counsel for the Shell Defendants. The Court notes that it has no authority to order the Defendants to pay a greater settlement amount. Accordingly, and for the reasons stated on the record at the Final Approval hearing, the Court **OVERRULES** the objections and holds that the Settlement is fair, reasonable, and adequate.

*Class Counsel Fees and Expenses and Ford Counsel Expenses*. The Court grants Class Counsel's motion for attorneys' fees and awards Class Counsel reasonable attorneys' fees in the amount of Twenty-Five Percent (25%) of the Total Class Settlement Fund, or $1,207,500.00. The Court also grants Class Counsel's request for reimbursement of costs

and expenses incurred to date, which presently total $35,584.49 (Docs. 258 and 259). In addition, the Court grants the *Ford* Plaintiffs' Counsel's request for reimbursement of costs and expenses in the amount of $68,399.29 (Doc. 268). The Court finds that those costs and expenses are fair and reasonable and were incurred for the benefit of all Members of the Settlement Class.

*Judgment and Release*. The Court hereby enters judgment fully and finally terminating with prejudice all claims of all class members (subject to the exclusions listed below), whether or not they objected to the Class Settlement, including without limitation the Class Claims, on the merits, made in this class action against the Shell Defendants, the ConocoPhillips Defendants, and the Released Parties as defined in the Agreements, and finds that the Class Representative and each Member of the Settlement Class (including their past, present or future agents, legal representatives, trustees, parents, estate, heirs, executors, and administrators), regardless of whether such class members have claimed or obtained benefits under the terms of the Agreement, have released and forever discharged the Released Parties, as defined in the Agreements, from any and all claims, demands, actions, complaints, and causes of action connected in any way to the subject of this class action, including but not limited to claims for property damage, loss of use and enjoyment of property, and medical monitoring, whether known or unknown, which the Plaintiffs ever had, now have, or may have in the future, regardless of whether such claims were actually asserted, which directly or indirectly arise from:

f. As to the Shell Defendants: (i) Shell's operations; (ii) the past, present, and future environmental condition of the Wood River Refinery, the IEPA Study Area and surrounding areas, and/or Plaintiffs' properties; (iii) Shell's past, present, and future remediation and site closure activities at these areas conducted in order to satisfy requirements of Shell's RCRA permit and/or to satisfy the regulations and requirements of the IEPA; (iv) activities related to, associated with, or in any way connected to this class action and the facts and circumstances alleged therein; or (v) any event, cause or matter which in whole or in part, is or could have been, the subject of this class action.

g. As to the ConocoPhillips Defendants: (i) the Claims as defined in the ConocoPhillips Settlement Agreement; (ii) the past and present environmental condition of the Wood River Refinery, the IEPA Study Area and surrounding areas, and/or Plaintiffs' properties; (iii) the ConocoPhillips Defendants' past, present, and future remediation and site closure activities at these areas conducted in order to satisfy requirements of Shell's RCRA permit and/or to satisfy the regulations and requirements of the IEPA; (iv) activities, as of the Effective Date, related to, associated with, or in any way connected to this class action and the facts and circumstances alleged therein; or (v) any event, cause or matter, as of the Effective date, which in whole or in part, is or could have been, the subject of this class action.

Provided, however, that claims for sudden and unexpected property damage arising in the future and solely from and during the course of Defendants' future remediation activities are excluded from the release and therefore are not released by Members of the Settlement Class; and provided that any damages recoverable for sudden and unexpected events above shall be limited to the costs to repair or remediate any actual property damage. Damages may not include attorneys' fees or punitive damages or diminution in value. Damages must be material and substantial and will be limited to those incurred in the future as a result of sudden or unexpected events, and not attributable to the environmental conditions that are the subject of this Action.

Provided further, however, that claims for personal injury and wrongful death claims are excluded from the release and expressly reserved by Plaintiffs. In the Shell Settlement Agreement and the ConocoPhillips Settlement Agreement, Plaintiffs represented that, to the best of their knowledge, they have not developed, and do not now have, any sickness or injury caused by, or resulting from, exposure to contamination or other substances which the Shell Defendants allegedly caused or for which the Defendants are legally responsible.

Provided further, however, that this Judgment and Release does not bar the claims of class members who timely and effectively excluded themselves by complying with the opt-out procedures detailed in the Class Notice and Claim Form and pursuant to the terms of the Agreements (*see* Par. 10 above).

All Members of the Settlement Class who have not timely and properly excluded themselves by complying with the opt-out procedures detailed in the Class Notice and

Claim Form in accordance with the terms of the Agreements are permanently barred and enjoined from filing, commencing, prosecuting, maintaining, intervening in or participating in (as a class member or otherwise) any other lawsuit or arbitration (unless compelled to testify pursuant to a subpoena) in any jurisdiction based on the Claims and causes of action in this class action or the Release and Dismissal set forth in the Agreements.

Plaintiffs and their authorized representatives and/or retained consultants may not object to, interfere with, or in any way attempt to adversely influence the Shell Defendants' ongoing investigation, remediation and site closure activities. The Court finds that Plaintiffs have waived and have released any rights to (i) challenge any proposal by the Shell Defendants to IEPA, or (ii) make requests of, or challenge any decision of, IEPA in evaluating and approving the Shell Defendants' investigation, remediation, and site closure activities.

The Claims of all class members as set forth above and as defined in the Shell Settlement Agreement and the ConocoPhillips Settlement Agreement are dismissed with prejudice pursuant to the terms of the Agreements.

Neither this Final Judgment, the Agreements, the fact of settlement, the settlement proceedings, the settlement negotiations, nor any related document shall be construed as, or be deemed to be evidence of, an admission or concession on the part of the representative Plaintiff, Class Counsel, any Member of the Settlement Class, Defendants, or any other person. Further, neither the Settlement, Agreements, nor any communications shall be offered or received in evidence in any action or proceeding, or

be used in any way as an admission or concession of liability or wrongdoing of any nature, nor shall they be used as evidence or concession or admission that any person has or has not suffered any damage.

The Agreements, and all of their terms and conditions that pertain to the Class Action, including the Administration Agreement and the Settlement Allocation Plan, are approved as fair, just, reasonable, and adequate.

Having conducted the analysis required by Federal Rule of Civil Procedure 23, the Court finds and concludes for the purposes of settlement only that the requirements of Rule 23 have been satisfied, and the settlement is fair, reasonable, and adequate.

All proceedings in *Parko, et al. v. Shell Oil Co., et al.*, No. 3:12-cv-00336-NJR-PMF (S.D. Ill.) are dismissed with prejudice, other than such proceedings as may be necessary to carry out the terms and conditions of the Agreements.

The Parties are instructed to advise the Court when the allocation of the Total Class Settlement Fund has been completed and all settlement awards have been paid to Qualifying Claimants.

The Court retains jurisdiction over this Settlement to the extent necessary to implement, effectuate, and administer this Settlement and this Final Order and Final Judgment.

**IT IS SO ORDERED.**

**DATED:** February 23, 2018

_____
**NANCY J. ROSENSTENGEL**
**United States District Judge**